UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALFRED T. GIULIANO, CH. 7 TRUSTEE FOR THE ESTATE OF WEISMAN DISCOUNT HOME CENTERS, INC.,         Plaintiff/ Judgment Creditor, <br><br> -against- <br><br> N.B. MARBLE & GRANITE INC., <br><br>         Defendant/ Judgment Debtor. | Case No.: Misc 11-753 |

# MEMORANDUM OF LAW IN SUPPORT OF
# THE TRUSTEE'S ORDER TO SHOW CAUSE

Oksana Wright, Esq. (OW 0401)
100 Park Avenue, 15th Floor
New York, NY 10017
Tel: (212) 878-7900
Fax: (212) 692-0940

I. **PRELIMINARY STATEMENT**

This is a proceeding pursuant to Rule 69 of the Federal Rules of Civil Procedure ("FRCP") and Rules 5223, 5224(a), and 2308(b) of the New York Civil Practice Law and Rules ("N.Y. CPLR"), to enforce a judgment of the United States Bankruptcy Court for the District of Delaware, Case No. 09-12741, which was entered on March 8, 2011, in favor of Alfred T. Giuliano, Ch. 7 Trustee for the Estate of Weisman Discount Home Centers, Inc. ("the Trustee" or "plaintiff") and against N.B. Marble & Granite Inc. ("N.B. Marble" or "defendant"), and registered in the United States District Court for the Eastern District of New York.

This memorandum of law is submitted in support of the Trustee's order to show cause seeking an Order of this Court:

(a) Compelling N.B. Marble to respond to the information subpoena served upon N.B. Marble on March 2, 2012;

(b) Requiring N.B. Marble to pay plaintiff $2,584.00 consisting of $50.00 as costs, $50.00 as a penalty and $2,484.00 in attorney's fees as damages incurred by plaintiff in attempting to effect compliance with the information subpoena and in making this motion.

II. **STATEMENT OF FACTS**

On March 8, 2011, the Trustee obtained judgment against N.B.Marble in the United States Bankruptcy Court for the District of Delaware, Case No. 09-12741, in the total amount of $168,340.00 (the "Judgment"). *See* Exhibit 1 attached to Declaration of Oksana G. Wright, dated November 13, 2012 ("Wright Dec."). On December 1, 2011, the Judgment was registered in the United States District Court for the Eastern District of New York, Case No. Misc 11-753. *See* Wright Dec., Exhibit 2.

The Trustee registered the Judgment in this Court because N.B. Marble's principal office is located in this judicial district. Following the entry and registration of the Judgment, on March 2, 2012, the Trustee's counsel served an information subpoena pursuant to N.Y. CPLR 5224 upon N.B. Marble ("Information Subpoena"). *See* Wright Dec., Exhibit 4. The Information Subpoena was served upon the managing agent of N.B. Marble, Onafrio Papia. *See* Wright Dec., Exhibit 5. N.B. Marble never responded to the information subpoena.

Plaintiff is submitting this application to the Court after numerous unsuccessful attempts to locate N.B. Marble accounts and other assets. Upon information and belief, N.B. Marble is currently operating a granite and marble store in Ozone Park, New York.

Plaintiff has been damaged by N.B. Marble's failure to comply with the information subpoena in the amount of $2,584, consisting of attorneys' fees incurred in attempts to effect compliance with the information subpoena and preparing this motion.

### III. ARGUMENT

#### A. The Trustee Is Entitled To An Order Compelling Defendant's Compliance With The Information Subpoena

The Trustee's motion pursuant to FRCP 69 should be granted by the Court because the Information Subpoena was properly issued and served on N.B. Marble, the judgment debtor, and N.B. Marble failed to respond within the required time period. "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." FRCP 69(a)(2); *see also Peacock v. Thomas,* 516 U.S. 349, 357, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996) (holding that a federal court has an "inherent power to enforce its judgments."); *Plunket v. Estate of Doyle,* No. 99 Civ. 11006, 2009 WL 73146, at *2 (S.D.N.Y. Jan.12, 2009) ("Federal Rule of Civil Procedure 69(a)

('Rule 69'), provides a mechanism for parties to seek the Court's aid in executing its judgments."); *see also Ciaprazi v. County of Nassau*, No.98-cv-6286, 2012 WL 95374, 3 (E.D.N.Y. Jan 12, 2012) (same).

When a judgment creditor seeks to enforce a money judgment in federal court, the court applies the procedure of the state where the court is located, unless a federal statute applies. In New York, the execution of money judgments is governed by N.Y. CPLR Article 52. *Id.* For discovery under FRCP 69, the Trustee has chosen the particular method of an information subpoena available under state law. N.Y. CPLR 5223 ("At any time before a judgment is satisfied or vacated, the judgment creditor may compel disclosure of all matters relevant to the satisfaction of the judgment, by serving upon *any person* a subpoena ....") (emphasis added); *see also* N.Y. CPLR 5224.

N.Y. CPLR 5223 "sets forth a generous standard which permits the creditor a broad range of inquiry though either the judgment debtor or any third person with knowledge of the debtor's property." *Gryphon Domestic VI, LLC, et al. v. GBR Information Svcs. Inc.*, 29 A.D. 392, 393, 815 N.Y.S.2d 65, 66 (N.Y. App. Div. 1st Dep't 2006). In the event that a subpoenaed individual or entity fails to comply with an information subpoena, N.Y. CPLR 2308(b)(1) provides that "[i]f the court finds that the subpoena was authorized, it shall order compliance…" N.Y. CPLR 2308(b)(1). The subpoenas should only be vacated or quashed "when the futility of the process to uncover anything legitimate is inevitable or obvious or where the information sought is utterly irrelevant to any proper inquiry." *Technology Multi Sources, S.A. v. Stack Global Holdings*, Inc., 44 A.D.3d 931, 932, 845 N.Y.S.2d 357 (N.Y. App. Div. 2d Dep't 2007).

Here, the Information Subpoena was properly issued to N.B. Marble, the judgment debtor, pursuant to N.Y. CPLR 5223 and 5224. Exhibit 4. Further, the Information Subpoena

was properly served upon N.B. Marble via personal service on March 2, 2012.  Exhibit 5. Pursuant to N.Y. CPLR 5224(a)(3) "[a]nswers [to the subpoena] shall be returned together with the original of the questions within seven days after receipt."  To date, N.B. Marble failed to respond to the Information Subpoena.  Finally, N.B. Marble also ignored a letter sent by the Trustee's counsel on July 5, 2012 informing N.B. Marble that if it does not comply with the Subpoena, the Trustee will seek judicial intervention by filing a motion to compel and a motion for sanctions against N.B. Marble.  Exhibit 6.  As a result, the Trustee's application for an order compelling N.B. Marble to respond to the Information Subpoena should be granted in its entirety.

### B. The Trustee Is Entitled To Costs, Penalties, and Attorneys' Fees Resulting From N.B. Marble's Failure To Comply With The Information Subpoena

Pursuant to N.Y. CPLR 2308(b)(1), a subpoenaed party that fails to answer a subpoena is liable to the issuing party for up to $50.00 in costs, $50.00 as a penalty, and damages sustained by reason of the failure to comply.  Damages include reasonable attorneys' fees incurred in making motion to compel and enforcing the Information Subpoena.  *See e.g. Comverse v. American Telecommun. Inc.*, No.07-Civ-11121, 2009 WL 46446 (S.D.N.Y. Feb 24, 2009) (awarding plaintiff attorneys' fees due to defendant's failure to comply with information subpoena); *see also State Com. For Human Rights v. United Assoc. of Journeymen & Apprentices of Plumbing and Piperfitting Indus.*, 56 Misc. 2d 98 (N.Y. Supp. Ct. 1968).

Here, the Trustee have incurred damages in the amount of $2,584.00 in attorneys' fees resulting from N.B. Marble's failure to comply.  Therefore, the Trustee's motion for an order directing N.B. Marble to pay the Trustee $2,584.00, consisting of $50.00 as costs, $50.00 as penalty, and $2,484.00 as attorneys' fees should be granted in its entirety.  *See* Exhibit 7 for calculation of attorney's fees.

## IV. CONCLUSION

For the reasons set forth above, the Trustee respectfully requests this Court to grant his motion in its entirety.

Dated: November 15, 2012
New York, New York

Respectfully submitted,

FOX ROTHSCHILD, LLP

/s/ Oksana Wright
Oksana Wright, Esq. (OW 0401)
100 Park Avenue, 15th Floor
New York, NY 10017
Tel: (212) 878-7900
Fax: (212) 692-0940