UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ALFRED T. GIULIANO, CH. 7 TRUSTEE FOR
THE ESTATE OF WEISMAN DISCOUNT
HOME CENTERS, INC.,

         Plaintiff,

  -against-

N.B. MARBLE & GRANITE INC.,

         Defendant.
-------------------------------------------------------------x

CERTIFICATION OF FACTS,
CONCLUSIONS OF LAW AND
PROPOSED REMEDY

11-MC-753 (JG) (VMS)

**VERA M. SCANLON, United States Magistrate Judge:**

 **I. BACKGROUND**

  Plaintiff and Judgment Creditor Alfredo T. Giuliano, Chapter 7 Trustee for the Estate of Weisman Discount Home Centers, Inc. ("Plaintiff"), moved this Court to order Defendant N.B. Marble & Granite Inc. ("Defendant") to show cause as to why Defendant should not be compelled to respond to an information subpoena served on March 2, 2012, and be required to pay $2,584.00 in attorneys' fees, $50 in costs and $50 as a penalty to compensate Plaintiff for its expenses in attempting to effect compliance with the information subpoena. See Docket No. 2. A show-cause hearing was held. Defendant had been served with notice of the hearing, yet failed to appear. See Docket No. 5. On June 25, 2013, the undersigned issued an Order requiring Defendant to comply with Plaintiff's information subpoena by July 8, 2013, and mailed it to Defendant. See June 25 and June 26, 2013 Docket Entries. Defendant has not responded.

 **II. STANDARDS**

  "In the absence of the parties' consent to a magistrate judge's exercising complete jurisdiction pursuant to 28 U.S.C. § 636(c), a magistrate judge can neither grant nor deny a

1

motion for contempt." Universitas Education, LLC v. Nova Group, Inc., Nos. 11-CV-1590 (LTS), 11-CV-8726 (LTS), 2013 WL 3487350, at *1 (S.D.N.Y. July 12, 2013). "[A] magistrate judge's role with respect to such a motion is limited by 28 U.S.C. § 636(e)(6) to certifying or declining to certify the facts constituting contempt." Id. 28 U.S.C. § 636(e)(6) provides that a United States magistrate judge shall, in a case other than one over which the magistrate judge presides with the consent of the parties under 28 U.S.C. § 636(c) or a misdemeanor case proceeding under 18 U.S.C. § 3401, certify facts constituting civil contempt to the district judge. See id. 28 U.S.C. § 636(e)(6)(B)(iii) provides that

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii).

Here, the parties have not consented to a magistrate judge's jurisdiction, nor is this a misdemeanor case proceeding under 18 U.S.C. § 3401. Accordingly, the undersigned certifies the facts to the District Judge pursuant to 28 U.S.C. § 636(e)(6)(B)(iii) for the reasons set forth below. In consultation with the Chambers of the District Judge, **it is hereby ordered that Defendant N.B. Marble & Granite, Inc. appear before District Judge John Gleeson in Courtroom 6C, 225 Cadman Plaza East, Brooklyn, NY, on September 10, 2013 at 10:00 AM to show cause why it should not be held in civil contempt and punished for such contempt.**

### III.  CERTIFIED FACTS

On March 8, 2011, Plaintiff creditor obtained judgment against N.B. Marble in the United States Bankruptcy Court for the District of Delaware, Case No. 09-12741, in the total amount of $168,340.00 (the "Judgment").[1]  See Exh. 1 to the Declaration of Oksana G. Wright, dated November 13, 2012 ("Wright Decl."). On December 1, 2011, the Judgment was registered in the United States District Court for the Eastern District of New York, Case No. Misc. 11-753. See Wright Decl., Exh. 2. The Trustee registered the Judgment in this Court because N.B. Marble's principal office is located in the Eastern District of New York. See Wright Decl. ¶ 4; Plaintiff's Memorandum of Law in Support of the Trustee's Order to Show Cause ("Pl. Mem."), Docket No. 2-3, at 2. Following the entry and registration of the Judgment, on March 2, 2012, the Trustee's counsel served an information subpoena pursuant to New York Civil Practice Law and Rules ("NY CPLR") § 5224 upon N.B. Marble. See Wright Decl., Exh. 4. The information subpoena was served personally upon the managing agent of N.B. Marble, Onafrio Papia. See Wright Decl., Exh. 5. Defendant never responded to the information subpoena. On July 5, 2012, Plaintiff sent a letter to Mr. Papia, stating that he failed to answer the subpoena and that Plaintiff would file a motion to compel and for sanctions if an answer to the subpoena was not received by July 16, 2012. See Wright Decl., Exh. 6.

Plaintiff submitted this application to the Court after numerous unsuccessful attempts to locate Defendant's accounts and other assets. See Pl. Mem. at 2. Upon information and belief, Defendant is currently operating a granite and marble store in Ozone Park, New York. See id. Plaintiff seeks compensation for damages caused by Defendant's failure to comply with the

---

[1] The facts stated herein are drawn from Plaintiff's submissions, the docket and from the attorney's statements offered at the show-cause conference. Defendant did not submit any opposition or appear.

3

information subpoena in the amount of $2,584.00 in attorneys' fees and costs related to Plaintiff's attempts to achieve compliance with the information subpoena and to prepare this motion. See id. Plaintiff also claims the Trustee is entitled to penalties allowed under the NY CPLR. Plaintiff seeks compensation for the above expenses and an order compelling Defendant to comply with the information subpoena. See id. A show-cause hearing was set. Plaintiff served a notice of the show-cause hearing and filed proof of service. See Docket No. 5. Plaintiff appeared, but Defendant failed to appear or to respond. On June 25, 2013, this Court ordered that by July 8, 2013, Defendant respond to Plaintiff's information subpoena or potentially suffer sanctions including a finding of contempt:

> Based on Plaintiffs [sic]/Judgment Creditors' [sic] 11/15/12 request and the hearing held by this Court on 1/9/13 at which Defendant N.B. Marble & Granite Inc. failed to appear, Defendant is ORDERED to respond completely to the information subpoena served upon it on or about 3/2/12 by Plaintiff/Judgment Creditors [sic]. Defendants' [sic] response must be served by overnight mail no later than 7/8/13 on Plaintiffs' [sic] counsel with a copy to the Court at the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201. Defendant is hereby warned that if it fails to respond completely to Plaintiffs' [sic] information subpoena by 7/8/13, the Court may impose sanctions which may include contempt of court. THIS IS A COURT ORDER; COMPLIANCE WITH THIS ORDER IS MANDATORY. Chambers will mail a copy of this Order to Defendant at the last known address on the docket.

June 25, 2013 Docket Entry. A copy was mailed to Defendant on June 26, 2013. Defendant did not respond.

## IV. ANALYSIS

### A. APPLICABLE LAW FOR JUDGMENT ENFORCEMENT

Federal Rule of Civil Procedure ("FRCP") 69 allows for enforcement of a money judgment, by writ of execution, in accordance with the procedure of the state where the court is located. See Fed. R. Civ. P. 69. NY CPLR § 5223 allows a judgment creditor to compel

4

disclosure by subpoena of matters relevant to the satisfaction of the judgment. See NY CPLR § 5223; Jacobson v. Moller & Moller, Inc., No. 02-CV-6316 (ERK), 2007 WL 1989260, at *1 (E.D.N.Y. July 5, 2007) (an information subpoena may be issued by a party, without court order, to compel disclosure of all matter relevant to the satisfaction of a judgment (emphasis added)).

Here, Plaintiff served an information subpoena pursuant to NY CPLR § 5223 upon Onafrio Papia, managing agent of Defendant, on March 2, 2012. See Wright Decl. Exhs. 4, 5. The subpoena was served via personal service. See Wright Decl., Exh. 5. "Service should be made in the same manner as a summons . . . service will generally be by personal delivery . . . ." 11 Weinstein, Korn & Miller, New York Civil Practice: CPLR § 5224.05 (2d ed. 2013). Personal service was proper, pursuant to NY CPLR §§ 308[1], 2303. Pursuant to NY CPLR § 5224(a)(3), Defendant was required to answer the subpoena within seven days of its receipt. Defendant failed to do so. On July 5, 2012, Plaintiff sent to Mr. Papia a letter stating that he had failed to answer the subpoena and that Plaintiff would file a motion to compel and for sanctions if an answer to the subpoena was not received by July 16, 2012. See Wright Decl., Exh. 6. Thus, this information subpoena was issued in accordance with NY CPLR § 5223, but Defendant failed to answer it.

NY CPLR § 2308 allows a court to order compliance with a subpoena if the individual who receives the subpoena fails to comply. In the event that a subpoenaed individual or entity fails to comply with an information subpoena, NY CPLR § 2308(b)(1) provides that "[i]f it finds that the subpoena was authorized, it shall order compliance . . . ."[2] As discussed above, the

---

[2] NY CPLR § 2308 provides, "If the court finds that the subpoena was authorized, it shall order compliance and may impose costs not exceeding fifty dollars. A subpoenaed person shall also be liable to the person on whose behalf the subpoena was issued for a penalty not exceeding fifty dollars and damages sustained by reason of the failure to comply. A court may issue a warrant directing a sheriff to bring the witness before the person or body requiring his appearance. If a

5

Court finds that Plaintiff's information subpoena was authorized under the FRCP and NY CPLR. On June 25, 2013, the Court therefore ordered Defendant to respond to the subpoena. Defendant has not responded.

### B. STANDARDS FOR FINDING CONTEMPT

"It is a firmly established principle that federal courts possess the inherent power to punish for contempt." Universitas Education, 2013 WL 3487350, at *5 (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 2132 (1991)); see Leadsinger, Inc. v. Cole, No. 05-CV-5606 (HBP), 2006 WL 2266312, at *8 (S.D.N.Y. Aug. 4, 2006) (same).

> A party may be held in civil contempt for failure to comply with a court order if "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and unambiguous, and (3) the contemnor has not diligently attempted to comply in a reasonable manner."

Universitas Education, 2013 WL 3487350, at *6 (quoting King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995)). "The movant bears the burden of showing contempt with clear and convincing evidence." Id. (citing Latino Officers Ass'n City of N.Y., Inc. v. City of N.Y., 558 F.3d 159, 164 (2d Cir. 2009)). "The burden is on the alleged contemnor to prove his inability to comply with the order 'clearly, plainly, and unmistakably.'" Id. (quoting Huber v. Marine Midland Bank, 51 F.3d 5, 10 (2d Cir. 1995)).

---

person so subpoenaed attends or is brought before such person or body, but refuses without reasonable cause to be examined, or to answer a legal and pertinent question, or to produce a book, paper or other thing which he was directed to produce by the subpoena, or to subscribe his deposition after it has been correctly reduced to writing, the court, upon proof by affidavit, may issue a warrant directed to the sheriff of the county where the person is, committing him to jail, there to remain until he submits to do the act which he was so required to do or is discharged according to law. Such a warrant of commitment shall specify particularly the cause of the commitment and, if the witness is committed for refusing to answer a question, the question shall be inserted in the warrant."

### C. PROPOSED FINDINGS OF CONTEMPT

Here, Defendant failed to respond to Plaintiff's information subpoena, to the Order to appear at the show-cause hearing and to this Court's clear and unambiguous June 25, 2013 Order. I discuss each in turn. First, as discussed above, the information subpoena was authorized by NY CPLR § 5223. See Buffalo Laborers Welfare Fund v. Signal Const. Co., LLC., No. 06-CV-400A (RJA), 2011 WL 5040664, at *3 (W.D.N.Y. Oct. 24, 2011) ("'At any time before a judgment is satisfied or vacated, the judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena . . . .'" (quoting NY CPLR § 5223)); Jacobson, 2007 WL 1989260, at *1 (an information subpoena may be issued by a party, without court order, to compel disclosure of all matter relevant to the satisfaction of a judgment). Second, Plaintiff properly served the information subpoena and subsequently sent a letter to Defendant indicating that Defendant was required to respond to it. See Wright Decl., Exh. 6. Third, Defendant failed to attend the show-cause hearing. See January 9, 2013 Docket Entry. Fourth, this Court's June 25, 2013 Order was clear and unambiguous. It clearly stated that Defendant was required to respond to Plaintiff's information subpoena or face sanctions. See June 25, 2013 Docket Entry. Defendant has not responded to this Order.

As Defendant has not responded in any way, Plaintiff has demonstrated by clear and convincing evidence that Defendant has failed to comply with the subpoena and the unambiguous Orders. I therefore respectfully recommend that the District Court find that Defendant is in contempt. See Advanced Magnetic Closures, Inc. v. Rome Fastener Corp., No. 98-CV-7766 (PAC), 2010 WL 86330, at *1 (S.D.N.Y. Jan. 7, 2010) (stating that failure to comply with a subpoena under NY CPLR § 5223 constitutes contempt); Jacobson, 2007 WL

1989260, at *1 (holding that failure to comply with an information subpoena may be deemed a contempt of court punishable by monetary sanctions and compelling compliance with a subpoena); Jackson Hewitt Inc. v. Adams, 880 N.Y.S.2d 873 (Table), No. 17331/08, 2009 WL 445095, at *8 (N.Y. Sup. Feb. 24, 2009) (holding that failure to respond to an information subpoena issued pursuant to NY CPLR § 5223 constitutes contempt and compelling compliance with a subpoena on a non-answering defendant); Gavilanes v. Matavosian, 475 N.Y.S.2d 987, 991 (N.Y. City Civ. Ct. 1984) (finding that failure to answer an information subpoena was contemptuous and ordering compliance).

## V. PROPOSED REMEDY

As relief, Plaintiff requests an order compelling Defendant to respond to the subpoena and monetary sanctions. See Wright Decl. ¶ 3; Pl. Mem. at 1. Pursuant to NY CPLR § 2308(b)(1), a subpoenaed party that fails to answer a subpoena is liable to the issuing party for up to $50.00 in costs, $50.00 as a penalty and damages sustained by reason of the failure to comply. Damages include reasonable attorneys' fees incurred in making the motion to compel and enforcing the information subpoena. See In re Estate of Claydon, 103 A.D.3d 1051, 1054, 962 N.Y.S.2d 352, 356 (N.Y.A.D. 3d Dept. 2013) ("Counsel fees and costs that are attributable to the contemptuous conduct are recoverable"); Jackson Hewitt, 2009 WL 445095, at *4 (allowing reasonable attorneys' fees under NY CPLR § 2308(b)(1)).

### A. Costs

Pursuant to NY CPLR § 2308(b)(1), as Defendant has failed to answer Plaintiff's information subpoena, it is respectfully recommended that the Court award Plaintiff $50.00 in costs.

### B. Penalties

Pursuant to NY CPLR § 2308(b)(1), as Defendant has failed to answer Plaintiff's information subpoena, it is respectfully recommended that the Court award Plaintiff $50.00 as a penalty.

### C. Attorneys' Fees

Plaintiff claims to have incurred damages in the amount of $2,484.00 in attorneys' fees. As discussed above, attorneys' fees are recoverable for fees charged for a motion to compel under NY CPLR § 2308. "The party seeking fees bears the burden of demonstrating that its requested fees are reasonable." Thai-Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic, No. 10-CV-5256 (KMW), 2012 WL 5816878, at *2 (S.D.N.Y. Nov. 14, 2012) (citing Robinson v. City of N.Y., No. 05-CV-9545 (GEL), 2009 WL 3109846, at *3 (S.D.N.Y. Sept. 29, 2009)). "To that end, the fee application must be supported by contemporaneous time records that 'specify, for each attorney, the date, the hours expended, and the nature of the work done.'" Thai-Lao Lignite, 2012 WL 5816878, at *2 (quoting N.Y. State Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983)).

Ms. Wright provides contemporaneous time records for her time spent on the present motion. See Wright Decl., Exh. 7. She spent a total of 9.2 hours drafting and editing motions, letters and declarations. The Court finds that this is a reasonable amount of time to spend on this motion. Ms. Wright is an associate at Fox Rothschild, LLP, and she requests a fee of $270.00 per hour. Ms. Wright was admitted to the New York Bar in 2010.[3] Considering that Ms. Wright has been practicing for approximately three years and that the work here did not require a

---

[3] See New York State Unified Court System, http://iapps.courts.state.ny.us/attorney/AttorneySearch#search_result (last visited Aug. 9, 2013).

9

particular level of expertise because it was not complex, the Court determines that a slightly lower fee of $250.00 per hour is a reasonable hourly rate. See Woods v. Sieger, Ross & Aguire, LLC, No. 11-CV-5698 (JFK), 2012 WL 1811628, at *5 (S.D.N.Y. May 18, 2012) (collecting cases and stating that courts in this district have awarded $225-$375 per hour in debt collection cases); Dunn v. Advanced Credit Recovery, Inc., No. 11-CV-4023 (PAE), 2012 WL 676350, at *6 (S.D.N.Y. Mar. 1, 2012) (awarding $300 per hour for attorneys with fifteen years' experience in debt collection case); see also Romano v. Accelerated Receivables, No. 11-CV-299A (RJA), 2011 WL 6091704, at *3 (W.D.N.Y. Dec. 7, 2011) (awarding $215 per hour for partners, $180 per hour for associates in debt collection case in upstate New York).

Ms. Wright's reasonable hourly fee of $250.00 multiplied by 9.2 hours yields $2,300.00 in attorneys' fees. It is respectfully recommended that the District Court grant this request for attorneys' fees.

## VI. CONCLUSION

Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), the undersigned certifies the facts discussed above to District Judge Gleeson. I respectfully recommend that Defendant be found liable for contempt, be ordered to comply with the information subpoena forthwith and be required to pay Plaintiff a total of $2,400.00, pursuant to NY CPLR § 2308(b)(1), consisting of $50.00 in costs, $50.00 as a penalty and $2,300.00 in attorneys' fees. In consultation with the Chambers of the District Judge, **it is hereby ordered that Defendant N.B. Marble & Granite, Inc. appear before District Judge John Gleeson in Courtroom 6C South, 225 Cadman Plaza East, Brooklyn, NY, on September 10, 2013 at 10:00 AM to show cause why it should not be held in civil contempt.** Plaintiff is directed to serve a copy of this Certification of Facts, Conclusions of Law and Proposed Remedy on Defendant by August 21, 2013 and file proof of service by August 23, 2013.

Dated: August 19, 2013
      Brooklyn, NY

/s/
VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE

11