UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------- x
ALFRED T. GIULIANO, Chapter 7 Trustee for   :
Weisman Discount Home Centers, Inc.,        :
                                            :
                    Plaintiff,              :          **CERTIFICATION OF FACTS,**
                                            :          **CONCLUSIONS OF LAW AND**
               -against-                    :              **PROPOSED REMEDY**
                                            :
N.B. MARBLE GRANITE, d/b/a NB Marble        :          11-MC-00753 (JG) (VMS)
Granite,                                    :
                                            :
                    Defendant,              :
                                            :
               -against-                    :
                                            :
WEISMAN DISCOUNT HOME CENTER,               :
                                            :
                    Debtor.                 :
--------------------------------------------------------- x

**VERA M. SCANLON, United States Magistrate Judge:**

   Plaintiff and Judgment Creditor Alfred T. Guiliano, Chapter 7 Trustee for the Estate of

Weisman Discount Home Centers, Inc. ("Trustee" or "Plaintiff"), moves this court to order

Defendant N.B. Marble & Granite, Inc. ("N.B. Marble" or "Defendant") and Mr. Onafrio Papia

("Mr. Papia"), the chief executive officer of N.B. Marble, to show cause as to why Mr. Papia

should not be 1) compelled to respond to an information subpoena served on him on September

28, 2013 (the "Papia Information Subpoena"), 2) held in contempt of Court for failing to respond

to the Papia Information Subpoena, and 3) required to pay Plaintiff's attorneys' fees spent in

connection with this motion, and why N.B. Marble should not be held in contempt of Court for

failing to comply with the September 10, 2013 Order of Judge John Gleeson, <u>see</u> Order (the

"N.B. Marble Order"), ECF No. 9, which required N.B. Marble to comply with Plaintiff's

1

information subpoena served on March 2, 2012 (the "N.B. Marble Information Subpoena"), and pay Plaintiff $2,400.00 in penalties, costs and attorneys' fees.

For the reasons stated below, this Court respectfully recommends that the District Court issue an Order that 1) finds N.B. Marble in contempt of court and, if it fails to respond in full to the N.B. Marble Information Subpoena within fourteen days of the District Court's Order, requires it to pay a sanction of $100.00 to Plaintiff for each week thereafter that it remains noncompliant; 2) requires Mr. Papia to comply with the Papia Information Subpoena; 3) requires Mr. Papia to pay $2,950.00 for Plaintiff's attorneys' fees related to this motion; 4) finds Mr. Papia in contempt of court and, if he fails to respond in full to the Papia Information Subpoena within fourteen days of the District Court's Order, requires him to pay a sanction of $50.00 to Plaintiff for each week thereafter that he remains noncompliant; and 5) permits Plaintiff to move for the issuance of an arrest warrant for Mr. Papia individually and/or as a corporate officer of N.B. Marble, to bring Mr. Papia and/or N.B. Marble before Your Honor to explain the noncompliance, should Mr. Papia and/or N.B. Marble fail to certify in writing, within thirty days of the District Court's Order, that they have fully complied with the District Court's Order and satisfied all penalties.

## I.     PROCEDURE ON A MOTION FOR CIVIL CONTEMPT

On a motion for civil contempt, a United States magistrate judge shall certify facts constituting civil contempt to the district judge, unless the case is one in which the magistrate judge presides with the consent of the parties under 28 U.S.C. § 636(c), or it is a misdemeanor case proceeding under 18 U.S.C. § 3401. See 28 U.S.C. § 636(e)(6)(B); Universitas Educ., LLC v. Nova Grp., Inc., Nos. 11 Civ. 1590 (LTS), 11 Civ. 8726 (LTS), 2013 WL 3487350, at *1 (S.D.N.Y. July 12, 2013) ("[A] magistrate judge's role with respect to such a motion is limited

by 28 U.S.C. § 636(e)(6) to certifying or declining to certify the facts constituting contempt.").

Specifically, 28 U.S.C. § 636(e)(6)(B)(iii) provides that:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii).

The Parties have not consented to a magistrate judge's jurisdiction, nor is this a misdemeanor case proceeding under 18 U.S.C. § 3401. Accordingly, for the reasons stated below, the undersigned certifies the following facts to the District Judge pursuant to 28 U.S.C. § 636(e)(6)(B)(iii). In consultation with the Chambers of the District Judge, **it is hereby ordered that Mr. Papia and N.B. Marble appear before District Judge John Gleeson in Courtroom 6C, 225 Cadman Plaza East, Brooklyn, NY, on July 11, 2014 at 3:30 P.M. to show cause as to why they should not be held in civil contempt and punished for such contempt.[1]**

## II. CERTIFIED FACTS

The Court presumes the reader's familiarity with this Court's findings of fact related to the N.B. Marble Information Subpoena, see Certification of Facts, Conclusions of Law & Proposed Remedy ("Certification of Facts"), ECF No. 6, which were adopted by the District Court in the N.B. Marble Order, see N.B. Marble Order 1. In summary, on March 8, 2011, Plaintiff obtained judgment against N.B. Marble in the United States Bankruptcy Court for the

---

[1] N.B. Marble, as a corporation, can only appear by its attorney.

District of Delaware, Case No. 09-12741, in the total amount of $168,340.00 (the "Judgment").[2]

See Decl. of Oksana G. Wright ("Wright Decl.") Ex. 1, ECF No. 11-2.  On December 1, 2011, the Trustee registered the Judgment in the United States District Court for the Eastern District of New York, because N.B. Marble's principal place of business is located in this District.  Id. at Ex. 2; see Pl.'s Mem. of Law in Supp. of Order to Show Cause ("Pl. Mem.") 2, ECF No. 11-1.

### A.    N.B. Marble

On March 2, 2012, Plaintiff served the N.B. Marble Information Subpoena on N.B. Marble by serving Mr. Papia.  See Wright Decl. Exs. 3-4.[3]  N.B. Marble never responded to the information subpoena.  Plaintiff thereafter filed a motion for an Order to Show Cause as to why N.B. Marble should not be compelled to answer the N.B. Marble Information Subpoena and to require N.B. Marble to pay certain penalties, costs and attorneys' fees.  Unsigned Order to Show Cause, ECF No. 2.  N.B. Marble failed to appear at the show-cause hearing before this Court, did not comply with this Court's June 25, 2013 Order requiring it to respond to the information subpoena and failed to appear at a contempt hearing before the District Judge.  Certification of Facts 4; N.B. Marble Order 1.  The District Judge found N.B. Marble to be in contempt of court and ordered it to comply with the N.B. Marble Information Subpoena and to pay the Trustee $2,400.00, which represented a $50.00 penalty, $50.00 in costs and $2,300.00 in attorneys' fees.  N.B. Marble Order 1.  Plaintiff served N.B. Marble and Mr. Papia with the N.B. Marble Order on October 30, 2013, sending it by certified mail to N.B. Marble at its business address and to

---

[2] The facts stated herein are drawn from Plaintiff's submissions, the docket and Plaintiff's attorney's statements offered at the show-cause hearing.  See Hr'g Tr., ECF No. 15.  Defendant and Mr. Papia did not submit any opposition.

[3] Mr. Papia is registered as the chief executive officer and principal executive officer of N.B. Marble in the New York Department of State, Division of Corporations' Corporation and Business Entity Database (the "Business Entity Database").  Id. at Ex. 5.

Mr. Papia at his work address. Wrights Decl. Exs. 9-10.[4]  To date, N.B. Marble has failed to

comply with this order.  See Pl. Mem. 3.

> ### B.    Mr. Papia

On September 30, 2013, the Trustee served Mr. Papia with the Papia Information

Subpoena, see Wright Decl. Exs. 8-9, because the Trustee believes Mr. Papia has first-hand

knowledge of N.B. Marble's assets and accounts.  See Pl. Mem. 3; see Hr'g Tr. 3:6-12.

According to Plaintiff, Mr. Papia has recently renamed N.B. Marble as N.B. Stone Setters and is

continuing to operate that business at the same location.  See Pl. Mem. 3; Wright Decl. Exs. 11

(Business Entity Database entry for N.B. Stone Setters) & 12 (process server's affidavit

describing a change in the business's signage).  The Trustee believes that Mr. Papia may have

transferred N.B. Marble's assets to N.B. Stone Setters, in order to avoid paying the Judgment.

Hr'g Tr. 4:4-10.

After Mr. Papia did not respond to the Papia Information Subpoena, Plaintiff's counsel

informed him by letter that he had until November 8, 2013 to comply, or Plaintiff would seek

judicial intervention, including sanctions and imprisonment, against Mr. Papia personally.

Wright Decl. Ex. 10.  When Mr. Papia continued to ignore the Papia Information Subpoena,

Plaintiff submitted its second application for an order to show cause.  Unsigned Order to Show

Cause, ECF No. 11.  This Court entered the Order to Show Cause and scheduled a show-cause

hearing.  Order to Show Cause, ECF No. 12.  Plaintiff served this Order to Show Cause and

Plaintiff's supporting papers on Mr. Papia.  Aff. of Service, ECF No. 13.  Nevertheless, Mr.

---

[4] Plaintiff may also have served the N.B. Marble Order on N.B. Marble by serving the New York
Secretary of State.  See Letter, ECF No. 10 (letter from the New York Department of State
stating that a "legal document" had been re-mailed to N.B. Marble after the initial mailing was
returned).  However, the record is unclear as to what "legal document" was provided to the
Secretary of State and whether service was completed.  Id.

Papia failed to attend the hearing or otherwise respond to the Order to Show Cause.  <u>See</u> Hr'g

Tr., ECF No. 15.

Following the show-cause hearing, this Court issued an Order requiring Mr. Papia to

comply with the Papia Information Subpoena.  Order, Apr. 15, 2014 (the "Papia Compliance

Order").  The Order stated, "Mr. Papia is hereby warned that if he fails to respond completely to

Plaintiff's information subpoena by 5/12/2014, the Court may impose sanctions which may

include contempt of court. THIS IS A COURT ORDER; COMPLIANCE WITH THIS ORDER

IS MANDATORY."  <u>Id.</u>  Plaintiff served this Order on Mr. Papia, along with, <u>inter alia</u>, a copy

of the Order to Show Cause, Plaintiff's motion papers, a copy of Federal Rule of Civil Procedure

("FRCP") 45, and a copy of the Local Rule 83.6.  Aff. of Service, ECF No. 17.  To date, Mr.

Papia has not responded to the Papia Information Subpoena.

### III.    ANALYSIS AND CONCLUSIONS

#### A.    The Applicable Law For The Judicial Enforcement Of An Information Subpoena

Federal Rule of Civil Procedure ("FRCP") 69 allows for enforcement of a money

judgment, by writ of execution, in accordance with the procedure of the state where the court is

located.  <u>See</u> Fed. R. Civ. P. 69(a)(1).  "In aid of the judgment or execution, the judgment

creditor . . . may obtain discovery from any person—including the judgment debtor—as provided

in these rules or by the procedure of the state where the court is located."  Fed. R. Civ. P.

69(a)(2).  New York law allows a judgment creditor to compel disclosure by subpoena of matters

relevant to the satisfaction of the judgment.  <u>See</u> N.Y. C.P.L.R. § 5223; <u>Jacobson v. Moller &</u>

<u>Moller, Inc.</u>, No. 02 Civ. 6316 (ERK), 2007 WL 1989260, at *1 (E.D.N.Y. July 5, 2007) (an

information subpoena may be issued by a party, without court order, to compel disclosure of all

matters relevant to the satisfaction of a judgment).

An information subpoena may be served "by registered or certified mail, return receipt requested," N.Y. C.P.L.R. § 5224(a)(3), or may be served "in the same manner as a summons," N.Y. C.P.L.R. § 2303(a).  See Jack Mailman & Leonard Flug DDS, PC, v. Belvecchio, 195 Misc. 2d 275, 276, 757 N.Y.S.2d 216, 217 (2d Dep't 2002) (service may be completed pursuant to N.Y. C.P.L.R. § 2303 or § 5224; service by registered or certified mail requires that the return receipt be signed by the defendant or someone acting on the defendant's behalf).  Information subpoenas shall be accompanied "by a copy and original of written questions and a prepaid, addressed return envelope."  N.Y. C.P.L.R. § 5224(a)(3).  When served on an individual or entity other than the judgment debtor, the subpoena must also include a certification that the issuing party believes that the recipient possesses information that will assist in collecting the judgment; the wording of this certification is provided in N.Y. C.P.L.R. § 5224(a)(3)(i).[5]

The recipient of an information subpoena is required to respond within seven days.  N.Y. C.P.L.R. § 5224(a)(3).  If the recipient fails to comply, N.Y. C.P.L.R. § 2308(b)(1) allows a court to order compliance with a non-judicial subpoena (a subpoena that is not returnable in court).  The statute provides:

> If the court finds that the subpoena was authorized, it shall order
> compliance and may impose costs not exceeding fifty dollars.  A

---

[5] The statute requires that:

> Any information subpoena served pursuant to this subparagraph
> shall contain a certification signed by the judgment creditor or his
> or her attorney stating the following: I HEREBY CERTIFY THAT
> THIS INFORMATION SUBPOENA COMPLIES WITH RULE
> 5224 OF THE CIVIL PRACTICE LAW AND RULES AND
> SECTION 601 OF THE GENERAL BUSINESS LAW THAT I
> HAVE A REASONABLE BELIEF THAT THE PARTY
> RECEIVING THIS SUBPOENA HAS IN THEIR POSSESSION
> INFORMATION ABOUT THE DEBTOR THAT WILL ASSIST
> THE CREDITOR IN COLLECTING THE JUDGMENT.

N.Y. C.P.L.R. § 5224(a)(3)(i).

subpoenaed person shall also be liable to the person on whose behalf the subpoena was issued for a penalty not exceeding fifty dollars and damages sustained by reason of the failure to comply. A court may issue a warrant directing a sheriff to bring the witness before the person or body requiring his appearance. If a person so subpoenaed attends or is brought before such person or body, but refuses without reasonable cause to be examined, or to answer a legal and pertinent question, or to produce a book, paper or other thing which he was directed to produce by the subpoena, or to subscribe his deposition after it has been correctly reduced to writing, the court, upon proof by affidavit, may issue a warrant directed to the sheriff of the county where the person is, committing him to jail, there to remain until he submits to do the act which he was so required to do or is discharged according to law. Such a warrant of commitment shall specify particularly the cause of the commitment and, if the witness is committed for refusing to answer a question, the question shall be inserted in the warrant.

N.Y. C.P.L.R. § 2308(b)(1).[6]

Thus, N.Y. C.P.L.R. § 2308(b)(1) allows the issuing party to recover "damages sustained by reason of the failure to comply." Id. These damages include reasonable attorneys' fees incurred in making the motion to compel and enforcing the information subpoena. See In re Estate of Claydon, 103 A.D.3d 1051, 1054, 962 N.Y.S.2d 352, 356 (3d Dep't 2013) ("Counsel fees and costs that are attributable to the contemptuous conduct are recoverable."); Jackson Hewitt Inc. v. Adams, No. 17331/08, 880 N.Y.S.2d 873 (Table), 2009 WL 445095, at *4 (Sup. Ct., Nassau Cnty. Feb. 24, 2009) (allowing reasonable attorneys' fees under N.Y. C.P.L.R. § 2308(b)(1)).

### B. Legal Standard For A Finding Of Contempt Of Court

Although New York State law guides the enforcement of the information subpoena, federal standards govern the determination of contempt. "It is a firmly established principle that

---

[6] In contrast to a non-judicial subpoena, the "[f]ailure to comply with a subpoena issued by a judge, clerk or officer of the court shall be punishable as a contempt of court." N.Y. C.P.L.R. § 2308(a).

federal courts possess the inherent power to punish for contempt."  Universitas Educ., 2013 WL

3487350, at *5 (quoting D'Orange v. Feely, 959 F. Supp. 631, 634 (S.D.N.Y. 1997)); see

Leadsinger, Inc. v. Cole, No. 05 Civ. 5606 (HBP), 2006 WL 2266312, at *8 (S.D.N.Y. Aug. 4,

2006) (same).[7]  "A party may be held in civil contempt for failure to comply with a court order if

(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of

noncompliance is clear and unambiguous, and (3) the contemnor has not diligently attempted to

comply in a reasonable manner."  Universitas Educ., 2013 WL 3487350, at *6 (quoting

Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645,

655 (2d Cir. 2004)).  The burden is on the movant to show, by clear and convincing evidence,

that a finding of contempt is warranted.  See id. (citing Latino Officers Ass'n City of N.Y., Inc.

v. City of New York, 558 F.3d 159, 164 (2d Cir. 2009)).   Where the movant seeks "to

adjudicate a person in civil contempt," Local Rule 83.6 specifies the procedure to be followed in

this District.  Local Civ. R. 83.6 (requiring personal service, along with service of a copy of

Local Rule 83.6; allowing for the recovery of a "reasonable counsel fee;" and allowing the Court

to order the contemnor's arrest).

    A court "may hold in contempt a person who, having been served, fails without adequate

excuse to obey [a] subpoena or an order related to it."  Fed. R. Civ. P. 45(g); see generally

Universitas Educ., 2013 WL 3487350, at *7 (finding that FRCP 45 applied in the context of a

judgment debtor issuing an information subpoena pursuant to FRCP 69).  "[T]he judicial power

to hold a non-party who has failed to obey a valid subpoena in contempt is the primary

mechanism by which a court can enforce a subpoena."  Rand v. Am. Ins. Co., No. 11 Civ. 3040

---

[7] Similarly, New York law allows courts to sanction a noncompliant subpoenaed witness "by
fine and imprisonment, or either" when "a right or remedy of a party to a civil action . . . may be
defeated, impaired, impeded, or prejudiced" by that witness's actions.  N.Y. Judiciary Law §
753; see N.Y. C.P.L.R. §§ 5210, 5251.

(CBA) (MDG), 2012 WL 628321, at *1 (E.D.N.Y. Feb. 27, 2012).  Nevertheless, "[t]o impose

sanctions on a nonparty . . . the violation of a court order is also generally required."  Cont'l Ins.

Co. v. Atl. Cas. Ins. Co., No. 07 Civ. 3635 (DC), 2008 WL 3852046, at *2 (S.D.N.Y. Aug. 13,

2008); see Rand, 2012 WL 628321, at *1 (compelling a nonparty to comply with a subpoena and

warning the nonparty that noncompliance with the court's order could result in a finding of

contempt and sanctions); Jacobson, 2007 WL 1989260, at *2 (same); see generally Universitas

Educ., 2013 WL 3487350, at *7 ("[A] court's contempt power extends to non-parties who have

notice of the court's order and the responsibility to comply with it." (quoting Bridgeport

Guardians v. Delmonte, 371 F. Supp. 2d 115, 121 n.5 (D. Conn. 2005))).  Furthermore, "to the

extent that a non-party is responsible for the conduct of a contemptuous corporation, courts have

either sanctioned or held in contempt such a non-party individual for the actions or non-actions

of that corporation."  Universitas Educ., 2013 WL 3487350, at *7.

### C.    Conclusions of Law and Proposed Remedies

#### 1.  N.B. Marble's Failure To Comply
#### With The District Court's Order

After it was adjudicated in contempt of court, N.B. Marble continued to flout Court

orders by failing to comply with the N.B. Marble Order.  That Order, which required N.B.

Marble to "comply with the information subpoena" and "pay Alfred T. Giuliano a total of

$2,400," was clear and unambiguous.  Plaintiff served the Order on N.B. Marble and Mr. Papia

through certified mail, see Wright Decl., Exs. 9-10, yet N.B. Marble did not comply.  Therefore,

the factors articulated in Universitas Educ., 2013 WL 3487350, at *6, have been met, and this

Court recommends finding N.B. Marble in contempt of court for its failure to obey the N.B.

Marble Order.

In lieu of proposing a sanction, Plaintiff requests that the Court exercise its discretion in determining the manner and amount of any sanction for N.B. Marble's noncompliance. Order to Show Cause 2, ECF No. 12. A court has broad discretion to devise coercive sanctions to encourage compliance with court orders. See Paramedics Electromedicina Comercial, 369 F.3d at 657. "[W]hen imposing penalties for a coercive purpose, the district court should consider several factors including: (1) the character and magnitude of the harm threatened by the party's continued noncompliance; (2) the efficacy of the sanction in bringing about compliance; and (3) the contemnor's ability to pay." Leser v. U.S. Bank Nat. Ass'n, No. 09 Civ. 2362 (KAM) (ALC), 2011 WL 1004708, at *11 (E.D.N.Y. Mar. 18, 2011).

Plaintiff has not requested another compensatory sanction against N.B. Marble, and the Court will consider whether a coercive sanction is warranted. In this case, N.B. Marble's self-serving noncompliance prevents Plaintiff from obtaining information that would likely assist the enforcement of the Judgment against N.B. Marble. The prior monetary sanction of $2,400.00 was not effective in bringing about N.B. Marble's compliance, and there is no indication that a second sanction of a fixed amount would garner a different outcome. A sanction that increased over time would better reflect the consequences of continued noncompliance.

Therefore, the Court recommends that the District Court find N.B. Marble in contempt of court and issue an order that, unless N.B. Marble fully complies with the N.B. Marble Information Subpoena within fourteen days of the District Court's Order on the contempt motion, N.B. Marble be required to pay to Plaintiff a sanction of $100.00 for each week thereafter that N.B. Marble remains noncompliant. This proposed sanction is in addition to the $2,400.00 sanction previously ordered by the District Court. N.B. Marble Order 1. There is no evidence in the record suggesting N.B. Marble would be unable to pay this sanction. See

Paramedics Electromedicina Comercial, 369 F.3d at 658 ("[T]he contemnor bears the burden of production in raising [] a defense" of inability to pay the sanction.); Leser v. U.S. Bank Nat. Ass'n, 09 Civ. 2362 (KAM) (MDG), 2012 WL 580489, at *7 (E.D.N.Y. Feb. 21, 2012) (same). In any event, the proposed sanction is structured to allow N.B. Marble to avoid the monetary penalty through prompt compliance.

Plaintiff has suggested the sanction of arresting and imprisoning Mr. Papia, which Plaintiff frames in terms of Mr. Papia's individual failure to comply with the Papia Information Subpeona, but which applies equally to N.B. Marble's noncompliance. See Universitas Educ., 2013 WL 3487350, at *7 (a nonparty "responsible for the conduct of a contemptuous corporation" falls within the court's contempt powers). Nevertheless, courts must use "the least possible sanction necessary to ensure compliance." Leser, 2011 WL 1004708, at *7 (declining to order the contemnor's arrest where a less drastic remedy could ensure compliance). "Before the Court can hold a person in civil contempt, due process requires that the person be given notice that he or she is a defendant in a contempt hearing, and, if he or she faces possible incarceration, that he or she be afforded the right to counsel." Id. It is not apparent that Mr. Papia was told of his right to counsel, although this memorandum will serve as notice.

Should N.B. Marble continue in its noncompliance, it will have demonstrated that sanctions less severe than the arrest of its principal are ineffective. This Court therefore further recommends that if, within thirty days of the District Court's order, N.B. Marble fails to certify to the Court in writing its full compliance with the N.B. Marble Information Subpoena and satisfaction of all penalties that have accrued against it—including the prior $2,400.00 sanction—then Plaintiff be permitted to move for the arrest of Mr. Papia as a corporate officer of N.B. Marble.

## 2. Mr. Papia's Failure To Comply With The Information Subpoena

As a preliminary matter, this Court finds that Mr. Papia unlawfully failed to respond to the Papia Information Subpoena. That subpoena complied with the requirements of N.Y. C.P.L.R. § 5224(a)(3) in that it included the required certification,[8] and it was properly served on Mr. Papia pursuant to N.Y. C.P.L.R. § 308(4) by affixing it to the door of his residence[9] and mailing it to him, after service by other means could not be effected with due diligence. Wright Decl. Exs. 9-10. This Court's order requiring Mr. Papia to respond to the subpoena, along with a copy of the subpoena and related documents, was also served on Mr. Papia. Aff. of Service,

---

[8] Although Plaintiff served the original written questions with each information subpoena, it is not clear whether Plaintiff also served a copy of these questions, as required by N.Y. C.P.L.R. § 5224(a)(3) (requiring service of a "copy and original of written questions"). Nevertheless, an additional copy of the written questions was provided to N.B. Marble and Mr. Papia in Plaintiff's letters dated July 5, 2012 (concerning the N.B. Marble Information Subpoena), and October 30, 2013 (concerning the Papia Information Subpoena), as well as with service of a later Order. Unsigned Order to Show Cause, ECF No. 2-2 at 28; Wright Decl. Ex. 10; Aff. of Service, ECF No. 17. Therefore, if Plaintiff failed to serve an extra copy of the written questions with each subpoena, this error caused no prejudice to N.B. Marble or Mr. Papia and was remedied by Plaintiff's subsequent mailings. See Fed. R. Civ. P. 61; N.Y. C.P.L.R. § 2001 ("At any stage of an action . . . the court may permit a mistake, omission, defect or irregularity . . . to be corrected, upon such terms as may be just, or, if the substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded . . . .").

[9] In his October 1, 2013 affidavit, Plaintiff's process server asserted that a Whitestone, New York address was Mr. Papia's "actual place of residence." See Wright Decl. Ex. 9. The Court notes that when Plaintiff's process server attempted to serve the Order to Show Cause on Mr. Papia on January 28, 2014, an unnamed woman who answered the door at the Whitestone residence told the process server that Mr. Papia "does not reside there but she thinks he owns the house." Aff. of Service, ECF No. 13. This later information does not suggest Mr. Papia was improperly served, particularly as, on January 30, 2014, the process server ran a license plate search of cars parked in front of the Whitestone, New York address and one such car was registered to Mr. Papia. See id. In addition, counsel for Plaintiff stated at the show-cause hearing that "I think our process server looked at the mail and the trash [at the Whitestone, New York address], and the mail is addressed to Mr. Papia." Hr'g Tr. 12:4-7. There can be no question that Mr. Papia has received sufficient notice, as Plaintiff's counsel also mailed the Papia Information Supoena to Mr. Papia, by certified mail, to the Whitestone, New York address and to his business address in Ozone Park, New York, at which he previously accepted service for N.B. Marble. See Wright Decl. Exs. 4, 10.

ECF No. 17. Despite ample notice, Mr. Papia has not responded to the Papia Information Subpoena.

As relief for Mr. Papia's failure to comply with the Papia Information Subpoena, Plaintiff requests an order compelling Mr. Papia to respond to that subpoena and requiring him to pay Plaintiff's attorneys' fees spent in connection with the present application. See Pl. Mem. 1.[10] Pursuant to N.Y. C.P.L.R. § 2308(b)(1), which allows the Court to "order compliance" with an "authorized" subpoena, id., this Court respectfully recommends that the District Court order Mr. Papia to comply with the Papia Information Subpoena.

N.Y. C.P.L.R. § 2308(b)(1) also permits a court to award reasonable attorneys' fees. The prevailing method for determining a fee award is the lodestar method, by which the court multiples a reasonable hourly rate by the reasonable number of hours expended. See Perdue v. Kenny A., 559 U.S. 542, 546, 551 (2010). The reasonable hourly rate is determined based on current market rates "for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984). In reviewing the reasonable number of hours expended, "the district court must examine the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case," and if it concludes that "any expenditure of time was unreasonable, the court should exclude these hours from the lodestar calculation." Kingvision Pay-Per-View Ltd. v. Villalobos, 554 F. Supp. 2d 375, 384 (E.D.N.Y. 2008); see Green v. City of New York, 403 F. App'x 626, 630 (2d Cir. 2010) (same). The burden is on the party seeking the fee award to prove that the requested fees and hours are reasonable. See Hugee v. Kimso Apartments, LLC, 852 F. Supp. 2d 281, 298 (E.D.N.Y. 2012) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). That party

---

[10] Plaintiff also requests that Mr. Papia be held in contempt of court. This request is addressed infra.

must substantiate its requested number of hours expended through contemporaneous time records.  See Hensley, 461 U.S. at 437; U.S. Bank, N.A. v. Byrd, 854 F. Supp. 2d 278, 287 (E.D.N.Y. 2012) (listing cases).  Ultimately, the determination of a reasonable fee is within the district court's discretion.  See Millea v. Metro-N. R. Co., 658 F.3d 154, 166 (2d Cir. 2011).

In this case, Plaintiff seeks an award of $3,874.50 for 12.3 hours of work at an hourly rate of $315.00.  Letter, ECF No. 14.[11]  Plaintiff's counsel, Ms. Oksana G. Wright ("Ms. Wright"), is an associate at Fox Rothschild, LLP.  Ms. Wright was admitted to the New York Bar in 2010.[12] Her hourly rate is $315.00, and Plaintiff requests that her time be compensated at that rate. Letter, ECF No. 14.

This Court respectfully recommends an hourly rate of $250.00 for Ms. Wright's time. Less than a year ago, this Court recommended, and the District Court adopted, an hourly rate of $250.00 an hour for Ms. Wright's work related to the N.B. Marble Information Subpoena. Certification of Facts 10; N.B. Marble Order 1.  Considering that Ms. Wright has been practicing for approximately three or four years, and that the work here did not require a particular level of expertise because it was not complex, the Court determines that a fee of $250.00 per hour is a reasonable hourly rate.  This rate is somewhat high for an associate of Ms. Wright's experience practicing in this District, but it reflects her role as Plaintiff's lead attorney.  See Gagasoules v. MBF Leasing LLC, No. 08 Civ. 2409 (ADS) (ARL), 2013 WL 1760134, at *3 (E.D.N.Y. Apr. 24, 2013) (finding that hourly rates in this District range from $300.00 to $400.00 for partners, $200.00 to $300.00 for senior associates, and $100.00 to $200.00 for junior associates; collecting

---

[11] N.Y. C.P.L.R. § 2308(b)(1) also allows an award of up to $50.00 in costs and a $50.00 penalty, but Plaintiff did not request an award of costs or the $50.00 penalty in connection with the Papia Information Subpoena.  See Pl. Mem. 7-8.

[12] See New York State Unified Court System, http://iapps.courts.state.ny.us/attorney/Attorney Search#search_result (last visited April 11, 2014).

cases); <u>Marshall v. Reisman</u>, No. 11 Civ. 5764 (ARR) (VVP), 2013 WL 1563335, at *2 (E.D.N.Y. Mar. 25, 2013) (in a debt collection case, reducing the rate of a partner with over twenty years' experience to $300.00 per hour and reducing the rate of a junior associate to $150.00 per hour), <u>report & recommendation adopted</u>, No. 11 Civ. 5764 (ARR) (VVP), 2013 WL 1561478 (E.D.N.Y. Apr. 12, 2013); <u>Ferrara v. Prof'l Pavers Corp.</u>, No. 11 Civ.1433 (KAM) (RER), 2013 WL 1212816, at *5 (E.D.N.Y. Mar. 23, 2013) ("Recently, reasonable hourly rates in this district have ranged from approximately $200–300 for senior associates, $100–$200 for junior associates, and $70–$100 for paralegals."); <u>see also</u> <u>Peralta v. M & O Iron Works, Inc.</u>, No. 12 Civ. 3179 (ARR) (RLM), 2014 WL 988835, at *14 (E.D.N.Y. Mar. 12, 2014) (noting that rates for partners in this district generally range from $300.00 to $400.00 per hour; reducing the hourly rate of a partner with over thirty years' experience to $350.00 per hour in a "relatively straightforward" case).

In support of the requested 12.3 hours of attorney time, Ms. Wright provided her contemporaneous time records. Letter, ECF No. 14. The requested hours include 1 hour of research; 8.2 hours drafting Plaintiff's proposed order to show cause, memorandum of law, and supporting affidavit; 1.2 hours preparing for the show-cause hearing; and 1.9 hours attending the show-cause hearing, preparing for the hearing and traveling to and from the hearing. <u>Id.</u>

This Court finds counsel's hours expended to be reasonable for the type and amount of work performed. Nevertheless, the requested 12.3 hours should be reduced to 11.8 hours. The 1.9 hours spent attending, preparing for and traveling to and from the show-cause hearing was not reasonable because it bills for counsel's travel time at her full rate. Courts in this Circuit routinely compensate attorneys for their travel time at half their usual rates. <u>See</u> <u>Hugee</u>, 852 F. Supp. 2d at 302 (discounting an attorney's hourly rates by 50% when calculating fees for travel

time and listing similar cases).  As it is not clear what portion of the 1.9 hours involved travel time, and because Ms. Wright's office is located in midtown Manhattan, the Court estimates that her travel time to and from this courthouse lasted at least one hour.  To compensate Plaintiff for only half that travel time, the Court respectfully recommends reducing the requested hours by 0.5 hours.

The proposed 0.5 hour reduction results in a recommended award for 11.8 hours of Ms. Wright's time. Thus, in addition to recommending that Mr. Papia be ordered to comply with the Papia Information Subpoena, this Court recommends that Mr. Papia be required to pay Plaintiff $2,950.00 for 11.8 hours of Ms. Wright's time compensated at a rate of $250.00 per hour.  This proposed sanction is separate from and would in no way alter the $2,400.00 sanction previously awarded by the District Court concerning N.B. Marble's failure to respond to the N.B. Marble Information Subpoena.  See N.B. Marble Order, ECF No. 9.

### 3.  Mr. Papia's Failure To Comply With Court Orders

This Court recommends that the District Court find Mr. Papia in contempt of court for his failure to comply with this Court's Orders directing him to respond to the Order to Show Cause, attend the show-cause hearing and respond to the Papia Information Subpoena.  Order to Show Cause, ECF No. 12; Papia Compliance Order, April 15, 2014.  As discussed above, the information subpoena was authorized by N.Y. C.P.L.R. § 5224(a)(3).  Plaintiff served the Order to Show Cause on Mr. Papia in accordance with Local Rule 83.6,[13] and Mr. Papia was also served with the Papia Compliance Order requiring him to respond to the information subpoena.  Aff. of Service, ECF No. 13; Aff. of Service, ECF No. 17.  In this case, the relevant factors

---

[13] Although it is not apparent that Plaintiff served a copy of Local Rule 83.6 on Mr. Papia with the Order to Show Cause, see Aff. of Service, ECF No. 13, as that rule requires, see Local Civ. R. 83.6, he has since been served with a copy of the rule. Aff. of Service, ECF No. 17; see Fed. R. Civ. P. 61.

warrant a finding of contempt of court.  See Universitas Educ., 2013 WL 3487350, at *6.  The

Order to Show Cause and the Papia Compliance Order set forth clear and unambiguous orders

that Mr. Papia failed to follow.  These Orders made clear that Mr. Papia could face sanctions for

his noncompliance.  The Orders were issued only after Mr. Papia had failed to comply

voluntarily with the information subpoena which was served on him on September 30, 2013

without the Court's assistance.  See Wright Decl. Exs. 8-9.  As Mr. Papia has not responded to

the Court's Orders or the information subpoena in any way, Plaintiff has demonstrated by clear

and convincing evidence that Mr. Papia has failed to comply with court orders.  This Court

therefore respectfully recommends that the District Court find that Mr. Papia is in contempt of

court.

Plaintiff requests that the Court sanction Mr. Papia for his contempt "in such manner

and/or in such amount as the Court deems just and proper (including any sanctions, arrest, and

imprisonment)."  Unsigned Order to Show Cause, ECF No. 11; see Hr'g Tr. 7:5-11 ("[W]e are

seeking as harsh remedies and sanctions as possible . . . .").[14]  Mr. Papia, as the chief executive

officer of N.B. Marble, has ignored subpoenas and multiple Court Orders, which has prejudiced

Plaintiff's ability to enforce the Judgment.  Furthermore, it appears that Mr. Papia and N.B.

Marble are engaged in deceptive behavior, including possibly changing the name of N.B.

Marble, to further their scheme of avoiding the Judgment.  Although sanctions against N.B.

Marble have not yet proved effective in gaining that entity's compliance, a sanction against Mr.

Papia personally may prove effective.  See Paramedics Electromedicina Comercial, 369 F.3d at

---

[14] The $2,950.00 compensatory sanction recommended supra is premised on N.Y. C.P.L.R. § 2308(b)(1) and relates to Mr. Papia's failure to respond to the Papia Information Subpoena.  The Court now contemplates sanctions for the separate issue of contempt of court.

657; <u>Leser</u>, 2011 WL 1004708, at *11.  However, if this sanction, too, proves ineffective, the Court may be required to consider ordering Mr. Papia's arrest.

Therefore, this Court respectfully recommends that the District Court find Mr. Papia to be in contempt of court and order that, unless Mr. Papia responds in full to the Papia Information Subpoena within fourteen days of the District Court ordering his compliance, he be required to pay Plaintiff $50.00 for each week thereafter in which he remains noncompliant.  Although the Court does not have information as to Mr. Papia's financial circumstances, there is no information in the record as to his inability to pay and it would be within his power to completely avoid this sanction through prompt compliance with the proposed order.  <u>See generally</u> <u>Doresett</u> <u>v. Cnty. of Nassau</u>, No. 10 Civ. 1258 (ADS), 2012 WL 2076911, at *10 (E.D.N.Y. June 7, 2012) (imposing a coercive sanction, despite not having the contemnor's financial information, where the court could make a reasonable assumption about his salary).  Moreover, it is Mr. Papia's burden to prove any financial hardship, which he has not done.  <u>See</u> <u>Paramedics Electromedicina</u> <u>Comercial</u>, 369 F.3d at 658.

Furthermore, this Court recommends that, within thirty days of the District Court's order, if Mr. Papia fails to certify to the Court in writing his full compliance with the Papia Information Subpoena and satisfaction of all penalties that have accrued against him individually—including the $2,950.00 compensatory sanction, should the District Judge adopt that portion of the proposed remedy—then Plaintiff be permitted to move for his arrest.

## IV.    PROPOSED REMEDY

Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), the undersigned certifies the facts discussed above to District Judge Gleeson.  For the foregoing reasons, this Court respectfully recommends that:

(1) N.B. Marble be found in contempt of court and, if it fails to respond in full to the N.B. Marble Information Subpoena within fourteen days of the District Court's Order, it be required to pay Plaintiff $100.00 for each week thereafter that it remains noncompliant;

(2) Mr. Papia be ordered to comply with the Papia Information Subpoena;

(3) Mr. Papia be required to pay Plaintiff $2,950.00 for Plaintiff's attorneys' fees in connection with this motion;

(4) Mr. Papia be found in contempt of court and, if he fails to respond in full to the Papia Information Subpoena within fourteen days of the District Court's Order, he be required to pay Plaintiff $50.00 for each week thereafter that he remains noncompliant; and

(5) if, within thirty days of the District Court's Order, Mr. Papia and/or N.B. Marble fails to certify in writing to the Court their full compliance with the District Court's Order and satisfaction of all penalties, then Plaintiff be permitted to move the District Court to issue an arrest warrant for Mr. Papia, individually and/or as a corporate officer of N.B. Marble, to bring Mr. Papia and/or N.B. Marble before Your Honor to explain the noncompliance.

**Mr. Papia and N.B. Marble must appear before District Judge Gleeson in Courtroom 6C, 225 Cadman Plaza East, Brooklyn, NY, on July 11, 2014 at 3:30 PM to**

**show cause as to why they should not be held in civil contempt and punished for such**

**contempt. Mr. Papia and N.B. Marble's response must be filed on or before July 3, 2014.**

**Plaintiff is directed to serve a copy of this Certification of Facts, Conclusions of Law and**

**Proposed Remedy on Mr. Papia and N.B. Marble, separately, by June 24, 2014 and file**

**proof of service by June 25, 2014.**

SO ORDERED.

Dated: June 20, 2014
        Brooklyn, New York

_Vera M. Scanlon_
VERA M. SCANLON
United States Magistrate Judge