UNITED STATES DISTRICT COURT  NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK

---

ALFRED T. GIULIANO, Chapter 7 Trustee
for Weisman Discount Home Centers, Inc.,

                                             Plaintiff,

      - versus -

N.B. MARBLE GRANITE, d/b/a NB Marble Granite,       MEMORANDUM AND ORDER

                                          Defendant,       11-MC-00753 (JG) (VMS)

      - versus -

WEISMAN DISCOUNT HOME CENTER,

                                          Debtor.

---

JOHN GLEESON, United States District Judge:

Plaintiff (bankruptcy trustee for debtor Weisman Discount Home Center) obtained a judgment in United States Bankruptcy Court for the District of Delaware against defendant in the amount of $168,340.00. In this action, plaintiff has been attempting to enforce that judgment, but the defendant and its chief executive officer, Onafrio Papia, have not complied with court orders.

On June 20, 2014, Magistrate Judge Scanlon entered an order, *see* ECF No. 18, certifying facts and proposing conclusions of law and a remedy, including a proposal that this Court adjudicate Papia and the defendant corporation in contempt. *See* 28 U.S.C. § 636(e)(6) (governing authority for certification of contempt). Pursuant to that order, a hearing was scheduled for July 11, 2014, at 3:30pm for Papia and N.B. Marble to show cause why they should not be held in contempt. No representative for defendant or Papia appeared.

Accordingly, the findings and proposed remedy were unopposed. Having found no error of law or fact in Judge Scanlon's findings and recommendation, I now order essentially the relief she proposed (with slight alterations of the dates), as follows:

(1) N.B. Marble is hereby found in contempt of court. If it fails to respond in full to the N.B. Marble Information Subpoena by **Tuesday, July 29, 2014,** it shall be required to pay Plaintiff $100.00 for each week thereafter that it remains noncompliant;

(2) Papia is ordered forthwith to comply with the Papia Information Subpoena;

(3) Papia shall pay Plaintiff forthwith $2,950.00 for Plaintiff's attorneys' fees in connection with this motion;

(4) Papia is adjudicated in contempt of court. If he fails to respond in full to the Papia Information Subpoena by **Tuesday, July 29, 2014**, he shall be required to pay Plaintiff $50.00 for each week thereafter that he remains noncompliant; and

(5) if, by **Friday, August 15, 2014**, Papia and/or N.B. Marble fails to certify in writing to the Court their full compliance with this order and satisfaction of all penalties, then Plaintiff shall be permitted to move the this Court to issue an arrest warrant for Papia, individually and/or as a corporate officer of N.B. Marble, to bring Papia and/or N.B. Marble before this Court to explain the noncompliance. At that hearing, Papia will also be ordered to show cause why his civil confinement in the Metropolitan Detention Center should not be ordered to coerce his compliance with the Court's orders.

So ordered.

John Gleeson, U.S.D.J.

Dated: July 15, 2014
    Brooklyn, New York

2